UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNELL VALLERY, Petitioner | CIVIL ACTION NO. 1:18-CV-953-P |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CALVIN JOHNSON Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Ronnell Vallery ("Vallery") (#29981-034). Vallery is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Vallery challenges his conviction and sentence.

Because Vallery cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), his petition should be dismissed for lack of jurisdiction.

I.  Background

Following a guilty plea to two counts of a superseding indictment, Vallery was convicted of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base ("crack"), a quantity of cocaine hydrochloride, and a quantity of heroin and marijuana, and of making a dwelling available for manufacturing, distributing, sorting, and using controlled substances. United States v. Vallery, 06-cr-269, 2009 WL 2488131, at *1 (E.D. La. Aug. 11, 2009). Vallery also entered a guilty plea to a superseding bill of information charging him with one prior felony drug offense. In

return, the government agreed not to charge Vallery with two prior felony drug convictions, which could have resulted in a mandatory life sentence. Id.

Vallery further agreed to waive his right to appeal his conviction and/or sentence, as well as his right to contest his conviction and/or sentence in any collateral proceeding under 28 U.S.C. § 2255, except for claims of ineffective assistance directly affecting the validity of the wavier of rights or the validity of the guilty plea. Id. Vallery also reserved his right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. Id.

Vallery was sentenced to the statutorily mandated minimum sentence of 240 months as to the first count, and 151 as to the other count, to be served concurrently. Id.

Vallery filed a motion pursuant to § 2255 based on ineffective assistance of counsel during the sentencing hearing. Id. Vallery's motion was denied and dismissed with prejudice as meritless. Id.

Vallery filed a motion for reduction of sentence based on the retroactive amendment to the sentencing guidelines for crack cocaine. United States v. Vallery, 399 F. App'x 862, 863 (5th Cir. 2010). The district court denied the motion, determining that Vallery was ineligible for a reduction under 18 U.S.C. § 3582(c)(2) because Vallery received the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841(b). Id. Vallery appealed. The United States Fifth Circuit Court of Appeals dismissed the appeal as frivolous. Id.

Vallery filed another motion for reduction of sentence based on the retroactive amendment to the sentencing guidelines for crack cocaine. (2:06-cr-00269 E.D. La., Doc. 425). The motion was again denied because Vallery is serving the mandatory minimum sentence of 240 months. (2:06-cr-00269 E.D. La., Doc. 436).

Thereafter, Vallery filed a motion to appoint counsel because of his belief that he is entitled to a sentence reduction. (2:06-cr-00269 E.D. La., Doc. 487). The court denied the motion, reiterating that, because Vallery is serving a mandatory minimum sentence of 240 months, a reduction is not permitted. (2:06-cr-00269 E.D. La., Doc. 488).

## II.    Law and Analysis

### A.    Vallery does not meet the requirements of the savings clause.

Vallery seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes

that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Vallery attempts to challenge his conviction and sentence, but he does not identify any retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. Therefore, Vallery cannot meet the requirements of the savings clause, and this Court lacks jurisdiction to consider his claims.

III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Vallery's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Vallery's claims.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge